31 F.3d 1176
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert V. POSEY, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7039.
 United States Court of Appeals, Federal Circuit.
 July 7, 1994.
 
 Before NIES, PLAGER, and RADER, Circuit Judges.
 ON MOTION
 NIES, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Robert V. Posey's appeal for lack of jurisdiction. Posey moves for an extension of time to file a response. The response has been submitted.
 
 
 2
 On September 4, 1992, the Board of Veterans Appeals issued a decision concluding that Posey had not submitted new and material evidence sufficient to reopen his claim for service connection for a back injury. The Court of Veterans Appeals summarily affirmed the Board's decision, concluding that the evidence received by the VA since the Board's 1983 denial of Posey's claim was not new and material and that the Secretary did not breach his duty to assist obligation.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Posey asks this court to make a decision "on actual facts" and points to the medical reports issued with his discharge from the armed services. However, this court has no jurisdiction to review either factual determinations or challenges to the law as applied to the facts of a case. As this court has no jurisdiction to conduct the inquiry that Posey requests, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Posey's motion for an extension of time to respond is granted.
 
 
 9
 (4) Each side shall bear its own costs.